UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KRISTOPHER LAMBRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>LINDA JEFFERS, et al.,<br><br>Defendants. | CAUSE NO.: 3:18-CV-583-JD-MGG |

<u>OPINION AND ORDER</u>

Kristopher Lambright, a prisoner without a lawyer, filed a complaint and a motion for preliminary injunction. "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Lambright alleges that correctional officials improperly classified him at a higher security level due to a clerical error on a State court's docket. As a result, he is housed at the Westville Correctional Facility and is deprived of the opportunity to transfer to the Chain O' Lakes Correctional Facility, the facility nearest to

his home. In his complaint and in his motion for a preliminary injunction, he seeks a transfer to a lower security facility.

Lambright alleges that his security classification constitutes cruel and unusual punishment under the Eighth Amendment because he is housed with inmates who are also classified at a higher security level, which exposes him to a greater risk of violence. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

"[A] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "[A] deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence in prison." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Lambright does not describe a specific threat to his safety but instead bases his claim on a general risk of violence. Therefore, Lambright does not state a claim under the Eighth Amendment.

Lambright also alleges that his erroneous security classification constitutes a procedural due process violation under the Fourteenth Amendment. To state a

2

procedural due process violation, a plaintiff must allege the deprivation of a liberty or property interest arising from the Due Process Clause or created by state law. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). Though "[t]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement," a state-created liberty interest may arise if a housing assignment "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005).

Lambright asserts that he is housed with violent inmates and that he cannot transfer to a facility near his home. However, these conditions are not unusually harsh within the context of a correctional setting. *See Olim v. Wakinekona*, 461 U.S. 238, 246 (1983) (noting that even out-of-state correctional transfers are "neither unreasonable nor unusual"); *United States v. Tokash*, 282 F.3d 962, 970 (7th Cir. 2002) ("prisons are inherently dangerous places and are inhabited by violent people"). Therefore, Lambright does not state a procedural due process violation under the Fourteenth Amendment.

Based on the foregoing, the complaint does not state a claim upon which relief can be granted. Likewise, the motion for a preliminary injunction is denied because Lambright has not shown a likelihood of success on the merits. *See Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004) ("In order to obtain a preliminary injunction, the moving party must show that they are reasonably likely to succeed on the merits"). Nevertheless, the court will allow Lambright an opportunity to

3

file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form -- Prisoner Complaint (INND Rev. 8/16) -- is available upon request from the prison law library. However, Lambright should file an amended complaint only if he can address the deficiencies identified in this order. If he chooses to file an amended complaint, he must reference the cause number of this case, which may be found on the first page of this order.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 2);

(2) GRANTS Kristopher Lambright until September 7, 2018, to file an amended complaint; and

(2) CAUTIONS Kristopher Lambright that, if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED on August 6, 2018

       /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT